**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Christopher E. Torkelson, Esq. (Attorney ID # 022961996)
*Physical Address:*  2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
*Mailing Address:*   P.O. Box 5404, Princeton, NJ 08543
Telephone:  (609) 392-2100
Facsimile:   (609) 392-7956
ctorkelson@eckertseamans.com
Attorneys for Defendant, Vivint, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DOUGHTY HARRIS, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIVINT, INC.,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>**Document Electronically Filed**<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT VIVINT, INC.'S
<u>NOTICE OF REMOVAL</u>**

Defendant Vivint, Inc. ("Vivint") hereby gives notice of the removal of this action from the Burlington County Superior Court of New Jersey to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.  This Notice is based upon the original jurisdiction of this Court over the parties under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

1332(d).[1]  In support of this Notice of Removal, Vivint states as follows:

**I.    BACKGROUND**

1. Pursuant to Local Rule 10.1(a), Plaintiff Doughty Harris alleges that he is a citizen of New Jersey with a residential address at 15 Holiday Ln, Willingboro Township, Burlington County, New Jersey 08046.  (Ex. A, ¶ 14.)

2. Pursuant to Local Rule 10.1(a), Defendant Vivint, Inc. is incorporated in Utah and has its principal place of business at 4931 N. 300 W, Provo, Utah 84604.

3. On January 12, 2014, Plaintiff Doughty Harris ("Harris") filed his Complaint against Vivint in the Burlington County Superior Court of New Jersey, bearing the above caption and docket number BUR-L-000081-24.  (*See* Summons and Complaint, attached as **Exhibit A**.)[2]

4. Vivint was served on January 22, 2024.  (*See id.*)

5. This Notice of Removal has been timely filed within thirty days of the date of service.  *See* 28 U.S.C. § 1446(b).

6. In his Complaint, Harris alleges that he purchased home security

---

[1] By removing this case, Vivint does not waive any defenses, objections, or motions available under state or federal law.  Vivint expressly reserves the right to move for dismissal of some or all of Plaintiff's claims.

[2] Pursuant to 28 U.S.C. § 1446(a), **Exhibit A** contains copies of all process, pleadings, and orders served upon Vivint in this matter.

products and services from Vivint. (Ex. A, ¶ 14.) Harris claims that he was subjected to uniform policies of Vivint that contravene New Jersey law, specifically alleging that Vivint "failed to sign or to require Plaintiff to sign a contract relating to Plaintiff's purchase of home security products and services" from Vivint; Vivint "failed to provide Plaintiff with a copy of any contract relating to the purchase of home security products or services"; "any form contract to which Plaintiff was asked to agree suffered from . . . statutory violations," including the fact that "the form contract lacked . . . statutorily-mandated consumer notices"; Vivint "failed to adequately disclose to Plaintiff the full terms and conditions of his purchase," including failing "to disclose that Plaintiff would be required to purchase additional products to receive Defendant's services"; and Vivint "refused – and continues to refuse – to allow Plaintiff to exercise his right to cancel Defendant's home monitoring services and continues to charge plaintiff for said services without providing same." (*Id.*)

7. Harris's Complaint asserts claims under the New Jersey Uniform Declaratory Judgment Act (Count I), for violation of the New Jersey Consumer Fraud Act (Count II), for Unjust Enrichment/Disgorgement (Count III), for Breach of Contract for Violation of the Implied Duty of Good Faith and Fair Dealing (Count IV), and for violation of the New Jersey Truth in Consumer Contract, Warranty and

Notice Act (Count V).  (*Id.*, ¶¶ 115—150.)

8.     Harris seeks injunctive and declaratory relief enjoining Vivint's allegedly unlawful practices and money damages for harm suffered as a result of the alleged conduct, including treble damages under the Consumer Fraud Act and an award of reasonable attorney's fees and costs.  (*Id.*, pp. 28—29, Prayer for Relief.)

## II.    CAFA'S JURISDICTIONAL REQUIREMENTS ARE SATISFIED

9.     An action may be removed to this Court if it has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The Burlington County Superior Court is located in the District of New Jersey, *see* 28 U.S.C. § 110, and venue for this case is proper in this Court under 28 U.S.C. § 1441(a) because the District of New Jersey embraces the place in which the removed action is pending.

10.    CAFA vests federal district courts with original jurisdiction over any action that: (a) is a purported class action; (b) satisfies minimal diversity requirements; (c) presents an amount in controversy exceeding five million dollars in the aggregate, exclusive of interest and costs; and (d) involves a class of at least 100 members.  *See* 28 U.S.C. § 1332(d).

11.    CAFA reflects a "strong preference" to resolve class actions in federal court.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

12.    This suit satisfies all the requirements under CAFA for federal

jurisdiction because (1) this is a putative class action; (2) the class exceeds 100 members; (3) members of the proposed class have a different citizenship from Defendant Vivint; and (4) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

    **A.**    **This Action is a Putative Class Action.**

    13.    CAFA defines a "class action" as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action is a putative "class action" under CAFA because Harris has invoked New Jersey Rule of Court 4:32, which is similar to Rule 23 of the Federal Rules of Civil Procedure. (*See* Ex. A, ¶ 95.) Moreover, Harris refers to this suit in his Complaint as "a class action" and asserts claims on behalf of the "class." (*Id.*, ¶ 1, ¶¶ 95—114 (setting forth class-action allegations).)

    **B.**    **The Putative Class Exceeds One Hundred Members.**

    14.    Based on Harris's allegations, there are "at least" 100 members in the putative class, and, in fact, there are more than 100 members in the putative class. (Ex. A, ¶ 99.)

    15.    Harris seeks to represent a class of all New Jersey citizens who

purchased home security products or services from Vivint during the relevant limitations period. (*Id.*, ¶ 95.)

16. A six-year statute of limitation applies to each of the claims asserted in Harris's Complaint.[3] Thus, the class period begins six (6) years before the filing of this Complaint.

17. A preliminary review of Vivint's records indicates that there were approximately 21,813 New Jersey customers who purchased home security products or services from Vivint over the last 6 years. This number easily exceeds the hundred-member minimum set by CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The Minimal Diversity Requirements of CAFA Exist Here.

18. Only minimal diversity is required under CAFA, and as such, CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

---

[3] N.J.S.A. § 2A:14-1 ("Every action . . . for recovery upon a contractual claim or liability, express or implied, not under seal . . . shall be commenced within six years next after the cause of any such action shall have accrued."); *see Kaplan v. General Electric Co.*, 2023 WL 4288157, at *4 (D.N.J. June 30, 2023) ("Under New Jersey law, the statute of limitations for claims brought for NJCFA violations, common law fraud, negligent misrepresentation, unjust enrichment, and TCCWNA violations is six years from the date the cause of action accrued."); *D'Angelo v. Miller Yacht Sales*, 619 A.2d 689, 691 (N.J. Super. Ct. App. Div. 1993) ("Consumer Fraud Act claims arising from a sales transaction . . . may be brought within six years of accrual.").

19. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *See* 28 U.S.C. § 1332(d)(7).

20. Plaintiff Harris alleges that he is a citizen of New Jersey and a resident of Willingboro Township, Burlington County, New Jersey. (Ex. A, ¶ 14.) Thus, Harris is a citizen of New Jersey.

21. For diversity purposes, a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

22. Vivint is incorporated in Utah and has its principal place of business in Provo, Utah. (Ex. A, ¶ 15.) Therefore, Vivint is a citizen of Utah.

23. Since Vivint has citizenship diverse from Harris, CAFA's minimal diversity requirement is satisfied.

**D.   The Amount in Controversy Exceeds $5,000,000 in the Aggregate.**

24. CAFA applies if the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether the amount in controversy exceeds the $5,000,000 threshold. 28 U.S.C. § 1332(d)(6).

25. The United States Supreme Court has held that a defendant's notice of

removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The removal statute requires only a "short and plain" statement of the amount in controversy, and such statement "need not contain evidentiary submissions." *Id.* at 84. Evidence establishing the amount is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

26.  Harris's Complaint seeks various categories of damages, including treble damages, on behalf of a class that is estimated to include over 21,000 putative class members over a six (6) year time period. While Vivint denies it is liable for any damages, based on the allegations in the Complaint, and the types of damages Harris seeks, the putative class easily seeks over $5 million in the aggregate.

27.  Harris seeks a statutory penalty of $100 per class member, which, by itself, aggregates to $2.1 million sought by the putative class in penalties alone. (Ex. A, ¶ 150.)

28.  Harris also alleges that class members are entitled "to receive a refund of all monies collected by Defendant . . . during the period when Defendant was not in compliance" with the legal requirements pled in the Complaint. (Ex. A, ¶¶ 7, 55.) Plaintiff alleges that Defendant charged $34.99 per month (plus taxes and fees) for

its services. (*Id*., ¶ 79.)  To the extent the class seeks a refund of all such charges collected from a class exceeding 21,000, over a period of six years, the amount sought would plainly exceed $5 million, even apart from the class's claims for penalties.

29.   Even apart from the overarching class claim for refund of all monies received by Defendant, Harris's Complaint specifically alleges he paid Vivint $154.24 for services he did not receive. (Ex. A, ¶ 92.)  Scaled to a class of more than 21,000 over a 6-year period, and based on Harris's allegation that these charges are part of a uniform and routine practice, this category of claimed damages alone – even before trebling, or inclusion of statutory penalties and attorney's fees – would in the aggregate represent a significant share of CAFA's amount-in-controversy threshold.

30.   Harris also alleges he paid an additional $2,000 for the equipment itself. (*Id*., ¶ 60.)  To the extent Harris seeks a refund of this cost as well, the amount in controversy sought by the class of 21,000 would vastly exceed $5 million.

31.   Further, Harris seeks treble damages under the New Jersey Consumer Fraud Act. (Ex. A, p. 29.)  Even if each member of the class seeks on average only a refund of only three months' of monitoring fees (an extremely conservative estimate considering a six-year class period), when trebled that amount by itself

9

would exceed $6 million, in addition to the $2.1 million in statutory penalties sought by the class. *See Professional Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding Inc.*, 408 F. App'x 566, 572 (3d Cir. 2010) ("The CFA entitles private plaintiffs to awards of treble damages and attorney's fees. Under New Jersey law, a court must include these amounts when determining whether it has subject matter jurisdiction in a diversity matter."); *Hardig v. Certainteed Corp.*, 2012 WL 423512, at *2 (W.D.N.C. Feb. 9, 2012) ("In analyzing the amount in controversy for cases removed under CAFA, treble damages, when demanded, must be included in the analysis.").

32. In addition to compensatory damages, Harris also seeks attorney's fees. (Ex. A, p. 29.) While the conservative actual or compensatory damages estimate noted above, when trebled, well exceeds the amount in controversy requirement for CAFA, the addition of attorney's fees to the calculation further supports federal jurisdiction.

33. A conversative estimate of attorney's fees of 20% of the total recovery[4]

---

[4] Notably, courts applying New Jersey law refer to 30% as a "median" recovery range for attorney's fees, so 20% is a conservative estimate. *See Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015); *see also Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) ("We must also consider attorney's fees [for purposes of calculating the amount in controversy]. Fees could be as much as thirty percent of the judgment.").

would bring the amount in controversy calculation well above the $5 million threshold. *See Professional Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding Inc.*, 408 F. App'x 566, 572 (3d Cir. 2010).

34. Based on Harris's allegations and Vivint's investigation, the CAFA amount in controversy requirement is clearly satisfied by aggregating the compensatory damages stemming from the putative class members' claims, treble damages, and attorney's fees, even if the Court uses a conservative estimate of Plaintiff's alleged damages. Taking into account the above calculations, the total amount in controversy exceeds the jurisdictional amount of $5 million.

### III. CONCLUSION

35. As set forth above, this Court has original jurisdiction under CAFA.

36. A copy of this Notice of Removal is being served upon all known counsel of record as required by law, and a notice of filing this Notice of Removal is being filed with the clerk of the Burlington County Superior Court of New Jersey, simultaneously with the filing in this Court.

WHEREFORE, Vivint hereby gives notice of the removal of this action from the Burlington County Superior Court of New Jersey to the United States District Court for the District of New Jersey.

DATED: February 21, 2024     Respectfully submitted,

/s/ Christopher E. Torkelson

Christopher E. Torkelson
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Princeton Pike Corporate Center
2000 Lenox Drive, Suite 203
Lawrenceville, NJ  08648
Tel: 609.989.5059
Fax: 609.392.7956
ctorkelson@eckertseamans.com

D. Christopher Robinson (*pro hac vice forthcoming*)
FROST BROWN TODD LLP
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
crobinson@fbtlaw.com

*Counsel for Defendant Vivint, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 21, 2024, a true and accurate copy of the foregoing instrument was filed electronically with the United States District Court for the District of New Jersey using the Court's CM/ECF Electronic Filing System, and a copy of the same was served via email on the following:

Stephen P. Denittis
Joseph A. Osefchen
Shane T. Prince
DENITTIS OSEFCHEN PRINCE, P.C.
525 Route 73 North, Suite 410
Marlton, NJ 08053
Phone: (856) 797-9951
Fax: (856) 797-9978
sdenittis@denittislaw.com
josefchen@denittislaw.com
sprince@denittislaw.com

*Counsel for Plaintiff Doughty Harris and the Proposed Class*

/s/ Christopher E. Torkelson

*Counsel for Defendant Vivint, Inc.*

0145544.0782285  4856-0186-2567v1